



**ecf_bounces@nyed.uscourts .gov**

03/28/2016 07:08 AM

To   nobody@nyed.uscourts.gov

cc

bcc

Subject   Activity in Case 1:16-mj-00284-VVP USA v. Reynolds Notice to Receiving District of Criminal Case Transfer

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Eastern District of New York

FILED
CLERK, U.S. DISTRICT COURT

MAR 2 8 2016

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## Notice of Electronic Filing

The following transaction was entered on 3/28/2016 at 10:08 AM EDT and filed on 3/25/2016

| | |
|---|---|
| **Case Name:** | USA v. Reynolds |
| **Case Number:** | 1:16-mj-00284-VVP |
| **Filer:** | |
| **Document Number:** | 9 |

**Docket Text:**
**Notice to Central District of California of a Rule 5 or Rule 32 Initial Appearance as to Marsha-Gay Reynolds. Docket sheet and documents attached. (If you require certified copies of any documents, please send a request to [InterDistrictTransfer_NYED@nyed.uscourts.gov]. If you wish to designate a different email address for future transfers, send your request to InterDistrictTransfer_TXND@txnd.uscourts.gov.) (Yuen, Sui-May)**

**1:16-mj-00284-VVP-1 Notice has been electronically mailed to:**

**1:16-mj-00284-VVP-1 Notice will not be electronically mailed to:**

Brad E. Mazarin

Block & Mazarin
277 Broadway
Suite 301
New York, NY 10007

Dennis J. Ring
Law Office of Dennis J. Ring
148-29 Cross Island Parkway
Whitestone, NY 11357

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=3/28/2016]
[FileNumber=10609939-0]
[1a231cac99a707a72f232c524821741fe33e8df1ce2c21a18f87ec8d3e9c15bde951
e8e6d112f4545947818ae9ae0edeec28e7c89410707df051cf7fc15e583d]]

CLOSED

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CRIMINAL DOCKET FOR CASE #: 1:16-mj-00284-VVP-1

Case title: USA v. Reynolds

Date Filed: 03/24/2016
Date Terminated: 03/25/2016

Assigned to: Magistrate Judge Viktor V. Pohorelsky

### Defendant (1)

**Marsha-Gay Reynolds**
*TERMINATED: 03/25/2016*

represented by **Brad E. Mazarin**
Block & Mazarin
277 Broadway
Suite 301
New York, NY 10007
(212) 227-9008
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Dennis J. Ring**
Law Office of Dennis J. Ring
148-29 Cross Island Parkway
Whitestone, NY 11357
(718)357-1040
Fax: (718)357-1219
Email: dennisringlaw@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Opening)** | |
| --- | --- |
| None | |

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Terminated)** | |
| --- | --- |
| None | |

| **Complaints** | **Disposition** |
| --- | --- |
| 21:841A=NP.F | |

### Plaintiff
**USA**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/24/2016 | 1 | RULE 5 AFFIDAVIT Removal to the Central District of California by USA as to Marsha-Gay Reynolds (Sica, Michele) (Entered: 03/24/2016) |
| 03/24/2016 | | Arrest (Rule 5) of Marsha-Gay Reynolds (Sica, Michele) (Entered: 03/24/2016) |
| 03/24/2016 | 2 | Minute Entry for proceedings held before Magistrate Judge Viktor V. Pohorelsky: For anArraignment as to Marsha-Gay Reynolds (1) Count Complaint held on 3/24/2016, Attorney Appointment Hearing as to Marsha-Gay Reynolds held on 3/24/2016, Initial Appearance in Rule 5(c)(3) Proceedings as to Marsha-Gay Reynolds held on 3/24/2016 Appearance entered by Dennis J. Ring,Brad E. Mazarin for Marsha-Gay Reynolds on behalf of defendant. Defendant present with Retained Counsel; AUSA Alicia Washington present for the Government. Gov't opposed bail. Defense counsel presented a bail package. Court set bond in the amount of $500,000.00. Government requests that the bond be stayed pending the appeal in the Central District of California. A Temporary Order of Detention entered. Bail hearing set for 03/25/2016 @ 2:00pm (Tape #2:42-2:50 2nd 3:22-3:33.) (Sica, Michele) (Entered: 03/24/2016) |
| 03/24/2016 | 3 | WAIVER of Rule 5(c)(3) Hearing by Marsha-Gay Reynolds (Sica, Michele) (Entered: 03/24/2016) |
| 03/24/2016 | 4 | NOTICE OF ATTORNEY APPEARANCE: Dennis J. Ring, Brad E. Mazarin appearing for Marsha-Gay Reynolds (Attachments: # 1 Notice of attorney appearance) (Sica, Michele) (Entered: 03/24/2016) |
| 03/24/2016 | 5 | TEMPORARY COMMITMENT Issued as to Marsha-Gay Reynolds (Sica, Michele) (Entered: 03/24/2016) |
| 03/25/2016 | 6 | ORDER staying bond as to Marsha-Gay Reynolds. Ordered by Judge Andre Birotte, Jr, US District Court Judge in Central District of CA.) (Yuen, Sui-May) (Entered: 03/28/2016) |
| 03/25/2016 | 7 | Minute Entry for proceedings held before Magistrate Judge Viktor V. Pohorelsky:Bond Hearing as to Marsha-Gay Reynolds held on 3/25/2016 (Tape #2;21-2;27.) Clerk SM Yuen - AUSA Alicia Washington present. Defendant present w/ counsel Dennis Ring and Brad Mazarin. Judge Birotle, Jr. from CD of CA stayed bond pending hearing in CA on 4/7/16. Commitment order entered. Defendant to be removed in custody of the US Marshals to the CD of CA." (Yuen, Sui-May) (Entered: 03/28/2016) |
| 03/25/2016 | 8 | COMMITMENT TO ANOTHER DISTRICT as to Marsha-Gay Reynolds. Defendant committed to District of Central District of California.. Ordered by Magistrate Judge Viktor V. Pohorelsky on 3/25/2016. (Yuen, Sui-May) (Entered: 03/28/2016) |
| 03/25/2016 | 9 | Notice to Central District of California of a Rule 5 or Rule 32 Initial Appearance as to Marsha-Gay Reynolds. Docket sheet and documents attached. (If you require certified copies of any documents, please send a request to [InterDistrictTransfer_NYED@nyed.uscourts.gov]. If you wish to designate a different email address for future transfers, send your request to InterDistrictTransfer_TXND@txnd.uscourts.gov.) (Yuen, Sui-May) (Entered: 03/28/2016) |

SA:ANW

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – –X

UNITED STATES OF AMERICA

- against -

MARSHA-GAY REYNOLDS,

Defendant.

– – – – – – – – – – – – –X

16 M 0284

REMOVAL TO THE
CENTRAL DISTRICT
OF CALIFORNIA

Fed. R. Crim. P. 5

EASTERN DISTRICT OF NEW YORK, SS:

CAROLYN PORRAS, being duly sworn, deposes and states that she is a

Special Agent with the Drug Enforcement Administration ("DEA"), duly appointed according

to law and acting as such.

On March 23, 2016, an arrest warrant was issued by the United States District

Court for the Central District of California commanding the arrest of MARSHA-GAY

REYNOLDS for possessing with intent to distribute a mixture or substance containing a

detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21,

United States Code, Section 841(a)(1).

The source of your deponent's information and the grounds for her belief are as

follows:[1]

---

[1]     Because the purpose of this Complaint is to set forth only those facts necessary
to establish probable cause to arrest, I have not described all the relevant facts and
circumstances of which I am aware.

Case 2:16-mj-00607-DUTY   Document 4   Filed 03/28/16   Page 6 of 25   Page ID #:19
Case 1:16-mj-00284-VVP   Document 1   Filed 03/24/16   Page 2 of 14 PageID #: 2

2

1.     I am one of the New York case agents assigned to the underlying investigation of the defendant out of the Central District of California. I have been a DEA Special Agent for approximately twenty years.

2.     On March 23, 2016, an arrest warrant was issued by the United States District Court for the Central District of California commanding the arrest of MARSHA-GAY REYNOLDS for possessing with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). A copy of the arrest warrant and the complaint from the Central District of California are attached hereto as Exhibit A.

3.     On March 23, 2016, the defendant MARSHA-GAY REYNOLDS voluntarily surrendered to DEA's offices located at John F. Kennedy International Airport ("JFK"). REYNOLDS verbally identified herself as the defendant MARSHA-GAY REYNOLDS. REYNOLDS presented a New York State Driver's License issued to "MARSHAGAY REYNOLDS" bearing her photograph. REYNOLDS also presented a United States passport issued to "MARSHAGAY REYNOLDS" bearing her photograph. DEA agents compared the photographs from these identification documents to a photograph of the individual sought by the Central District of California. In my opinion, the photographs of "MARSHAGAY REYNOLDS" on the driver's license and passport and the appearance of the person who surrendered to the DEA at JFK match the photograph of the defendant sought by the Central District of California, that is, MARSHA-GAY REYNOLDS.

Case 2:16-mj-00607-DUTY   Document 4   Filed 03/28/16   Page 7 of 25   Page ID #:20
Case 1:16-mj-00284-VVP   Document 1   Filed 03/24/16   Page 3 of 14 PageID #: 3

3

WHEREFORE, your deponent respectfully requests that the defendant

MARSHA-GAY REYNOLDS be removed to the Central District of California so that she

may be dealt with according to law.

CAROLYN PORRAS
Special Agent, Drug Enforcement Administration

Sworn to before me this
24th d⸱⸱

S/Pohorelsky

THE E
UNITE                    POHORELSKY
EASTE                    JUDGE
                         ORK



# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>v.<br><br>MARSHA GAY REYNOLDS,<br><br>DEFENDANT. | **WARRANT FOR ARREST**<br><br>ON COMPLAINT<br><br>CASE NO.: **16-0607M** |

To:    UNITED STATES MARSHAL AND ANY AUTHORIZED UNITED STATES OFFICER

**YOU ARE HEREBY COMMANDED** to arrest **MARSHA GAY REYNOLDS** and

bring her forthwith to the nearest Magistrate Judge to answer a complaint charging her

with Possession with Intent to Distribute a Mixture or Substance Containing a Detectable

Amount of Cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

REC: BY AUSA          Detention

_3/23/16_
Date

JACQUELINE CHOOLJIAN
UNITED STATES MAGISTRATE JUDGE

Honorable Jacqueline Chooljian

**JACQUELINE CHOOLJIAN**

Signature of Magistrate Judge

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at (location): | | |
| DATE RECEIVED<br><br>DATE OF ARREST | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |

DESCRIPTIVE INFORMATION FOR DEFENDANT CONTAINED ON PAGE TWO

COPY

AO 91 (Rev. 11/82)  **CRIMINAL COMPLAINT**

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|

| UNITED STATES OF AMERICA<br>v.<br>MARSHA GAY REYNOLDS | DOCKET NO.<br>16-0607M<br>MAGISTRATE'S CASE NO.<br>MAR 23 2016<br>CENTRAL DISTRICT OF CALIFORNIA<br>DEPUTY |
|---|---|

Complaint for violation of Title 21, United States Code, Section 841(a)(1)

| NAME OF MAGISTRATE JUDGE<br>HONORABLE JACQUELINE CHOOLJIAN | UNITED STATES<br>MAGISTRATE JUDGE | LOCATION<br>Los Angeles, California |
|---|---|---|

| DATE OF OFFENSE<br>March 18, 2016 | PLACE OF OFFENSE<br>Los Angeles County | ADDRESS OF ACCUSED (IF KNOWN) |
|---|---|---|

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

[21 U.S.C. § 841(a)(1)]

On or about March 18, 2016, in Los Angeles County, within the Central District of California, defendant MARSHA GAY REYNOLDS knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE: N/A

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>Trayvon Barnes  /S/ |
|---|---|
| | OFFICIAL TITLE<br>Special Agent – Federal Bureau of Investigation |

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE(1)<br>JACQUELINE CHOOLJIAN | DATE<br>March 23, 2016 |
|---|---|

(1) See Federal Rules of Criminal Procedure 3 and 54

AUSA Reema M. El-Amamy  x0552      REC: Detention

**AFFIDAVIT**

I, Trayvon Barnes, being duly sworn, declare and state as
follows:

## I.   INTRODUCTION

1.     I am a Special Agent of the United States, within the
meaning of Title 18, United States Code, Section 2510(7), and I
am empowered by law to conduct investigations of, and to make
arrests for, the offenses enumerated in Titles 18 and 21 of the
United States Code.

2.     I am a Special Agent ("SA") for the Federal Bureau of
Investigation ("FBI"), and have been so employed since May 2015.
Prior to my employment as an SA with the FBI, I was employed as
an SA with the Drug Enforcement Administration ("DEA"), Los
Angeles Field Division ("LAFD") from September 2008 until May
2015.  I am currently assigned to a Criminal Enterprise Squad at
the Los Angeles Field Office of the FBI, specifically the
Southern California Drug Task Force ("SCDTF"), High Intensity
Drug Trafficking Area ("LA HIDTA"), Group 47.  LA HIDTA is a
task force comprised of agents and officers from federal, state,
and local law enforcement agencies, primarily investigating
large-scale drug trafficking organizations, as well as violent
street gangs involved in drug distribution, firearms offenses,
racketeering offenses, as well as the conspiracies associated
with these offenses.

3.     Additionally, I am assigned to the Los Angeles
International Airport Criminal Enterprise Task Force
("LAACETF"), an inter-agency task force based at the Los Angeles

1

International Airport ("LAX"). In addition to the FBI, other
members of the interagency task force, which include the DEA,
United States Customs and Border Protection ("CBP"), the
Transportation Security Administration ("TSA"), the Los Angeles
International Airport Police Department ("LAX PD"), the Los
Angeles Police Department ("LAPD"), and the Los Angeles
Sheriff's Department ("LASD"), have all recognized that there is
a need for a coordinated law enforcement effort to target
airport/airline internal criminal enterprises that use the
aviation system to transport large amounts of illicit drugs
throughout the United States and various international
destinations.  The LAACETF focuses on all airports within the
FBI Los Angeles Field Office's area of responsibility, which
includes LAX, as well as the John Wayne International Airport,
the Los Angeles/Ontario International Airport, the Long Beach
Airport, the Bob Hope Airport, the Van Nuys Airport, and the
Santa Monica Airport.

        4.   Specifically, the LAACETF is focused on investigating
airport/airline internal conspiracies in which criminal
enterprises recruit airport/airline employees to exploit their
privileged airport access and knowledge of existing airport
security procedures.  These investigations focus on the use of
airport/airline employees with access to sensitive areas of the
airport and/or aircrafts, to smuggle large amounts of illicit
drugs into and throughout the United States.  Previous and
current investigations have identified Transnational Criminal
Organizations ("TCO") that generally depend on drug trafficking

as their primary source of revenue.  As such, TCO's require the use of various forms of transport in order to obtain and distribute large amounts of illicit drugs into and throughout the United States, and air travel provides a significant opportunity for them to do so.  Additionally, air travel provides an opportunity to smuggle and distribute other contraband to include drug proceeds.  These investigations have revealed that the smuggling and distribution efforts by TCO's are greatly enhanced by the use of airport/airline employees who have access to sensitive areas of the airport/or and aircrafts.

## II. PURPOSE OF AFFIDAVIT

5.    This affidavit is submitted in support of a criminal complaint against, and an arrest warrant for, Marsha Gay REYNOLDS ("REYNOLDS") for a violation of Title 21, United States Code, Section 841(a)(1) (Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Cocaine).

6.    The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the complaint and requested warrant, and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

3

### III. SUMMARY OF PROBABLE CAUSE

7. On March 18, 2016, at approximately 7:08 p.m., the Transportation Security Administration ("TSA") contacted the Los Angeles International Airport Police Department ("LAX PD"), and reported an incident involving an airline flight crewmember later identified as Marsha Gay REYNOLDS. TSA reported that REYNOLDS abandoned two carry-on luggage bags while en-route to a secondary TSA screening area after being randomly selected to participate in a secondary TSA security screening. The abandoned luggage was subsequently found to contain eleven individually wrapped packages that each contained a mixture or substance containing a detectable amount of cocaine that, in total, weighed approximately 68.49 pounds.

8. The facts supporting this affidavit are based on my knowledge, training, and experience, my conversations with TSA agents and officers, LAX PD officers, airline corporate security personnel, and my review of incident reports written by LAX PD and TSA Officers. Furthermore, I have reviewed supporting documents in this matter, including photos and video recordings of the incident.

### IV. STATEMENT OF PROBABLE CAUSE

9. Based on my conversation with TSA Transportation Security Officer ("TSO") Jamie Samuel, and my review of TSO Samuel's incident report, I learned that TSO Samuel has been a TSO with the TSA for the past 5 ½ years, and is currently assigned to a TSA security screening station located in Terminal

4

4 of LAX.  As part of her normal work duties, TSO Samuel is
tasked with the screening of passengers and/or baggage to ensure
compliance with TSA regulations.  As such, TSO Samuel may
operate basic security equipment, such as x-ray machines and
hand wands at various TSA security screening checkpoints.  As a
TSO, Samuel has also participated in "behavioral awareness"
training to assist in conducting her normal work duties.  Based
on her training and experience, TSO Samuel is able to recognize
certain behavioral characteristics such as anxiety, tension, and
nervousness, which are, according to her, traits often exhibited
by individuals involved in illegal activity.

    10.  Based on my conversations with TSO Samuel, and my
review of TSO Samuel's incident report, I learned the following
regarding the events of March 18, 2016:

      a.  On March 18, 2016, at approximately 7:08 p.m.,
TSO Samuel was working at the Known Crew Member ("KCM") security
checkpoint area of Terminal 4 at LAX.  At this time, REYNOLDS,
who was attempting to enter the sterile area of Terminal 4,
approached TSO Samuel.  TSO Samuel observed that REYNOLDS was
wearing a black suit jacket and jeans, and was in possession of
two carry-on luggage bags, and a large duffle-sized purse.  Per
standard operating procedure, TSO Samuel asked REYNOLDS for her
KCM badge as well as a second form of identification, which
REYNOLDS presented to TSO Samuel.  TSO Samuel scanned REYNOLDS'
KCM badge through the KCM authentication terminal.  The KCM
authentication terminal accepted REYNOLDS' badge, identifying
REYNOLDS as a pre-screened known crewmember.

b.    After TSO Samuel scanned REYNOLDS' KCM badge
through the KCM authentication terminal, the KCM terminal
randomly selected REYNOLDS to participate in a secondary TSA
security screening.  At this time, TSO Samuel advised REYNOLDS
that REYNOLDS had been randomly selected for secondary TSA
security screening.  TSO Samuel then called for a Supervisory
Transportation Security Officer ("STSO") to respond.  At this
time, TSO Samuel noticed that REYNOLDS became nervous, and began
looking around.  REYNOLDS then retrieved a cell phone from her
purse, and made a phone call.  The call took place in a foreign
language that TSO Samuel could not understand.  Shortly
thereafter, STSO Charles James responded to the Terminal 4 KCM
area in order to escort REYNOLDS to a secondary TSA security
screening area.

11.  Based on my conversations with STSO James, and my
review of STSO James' incident report, I learned the following
regarding the events of March 18, 2016:

a.    On March 18, 2016, at approximately 7:10 p.m.,
STSO James responded to a call from TSO Samuel for additional
screening of a KCM.  Upon arrival at the LAX Terminal 4 KCM
area, STSO James met REYNOLDS, and began to escort REYNOLDS to a
secondary TSA security screening area.  While escorting REYNOLDS
to the secondary screening area, STSO James noticed that
REYNOLDS was not following closely behind STSO James.  At
several points while walking to the secondary screening area,
STSO James requested that REYNOLDS follow more closely, as this
is the standard procedure when escorting individuals between

6

checkpoints.  STSO James noticed that the entire time while
being escorted to secondary screening, REYNOLDS was talking on
her phone to an unknown individual.

     b.   Upon arrival at the secondary screening area,
STSO James requested REYNOLDS' identification and flight
crewmember badge for inspection by the Travel Document Check
Officer.  At this time, REYNOLDS dropped her carry-on luggage,
removed her shoes, and began to run away from STSO James.  STSO
James observed REYNOLDS run down an upward traveling escalator,
then out of Terminal 4 running eastbound towards Terminal 5.
During REYNOLDS' flight, STSO James did not attempt to pursue
REYNOLDS, as his primary concern was the abandoned luggage that
REYNOLDS left behind, and the public safety issue that it
potentially presented.

     c.   STSO James then notified his supervisor and the
LAX PD respectively, in order to advise them of the situation.
Shortly thereafter, LAX PD Officer Alexis Chan responded to the
secondary TSA screening area where STSO James had maintained
custody of REYNOLDS' abandoned luggage.

     d.   Based on my conversations with LAX PD Officer
Chan, and my review of Officer Chan's incident report, I learned
that, upon arrival to the secondary TSA screening area where
STSO James had maintained custody of REYNOLDS' abandoned
luggage, Officer Chan was unable to locate REYNOLDS.  Officer
Chan then requested assistance from two different explosives
detection dogs.  After the detection dogs conducted two separate
inspections of the abandoned luggage, Officer Chan conducted an

inventory search of the abandoned luggage. Upon inspection of
the abandoned luggage, Officer Chan observed a total of eleven
packages that were individually wrapped in green cellophane
wrapping. The packages were contained inside yellow or white
envelopes. Officer Chan noticed that each package was labeled
with the phrase "BIG Ranch." At this time, Officer Chan
believed the packages to contain illegal drugs.

      e.   At this time, Officer Chan, LAX PD Officer
Gabriella Gonzalez, and LAX PD Officer William Hsu maintained
complete custody and control of the packages and the abandoned
luggage until these items were transported to the LAX PD Station
located at 6320 W. 96th Street, Los Angeles, CA. Next, the
abandoned property was transported to the LAPD Forensic Science
Division where each of the eleven packages of suspected drugs
were weighed and field-tested by LAX PD personnel. In total,
the contents of the packages weighed approximately 68.49 pounds.
Additionally, each of the packages contained a powdery white
substance that field-tested positively for the presence of
cocaine. After processing and field-testing, the evidence was
booked at the LAPD Metropolitan Detention Center.

      f.   On March 22, 2016, DEA SA Brian Willey and DEA SA
Davis King retrieved the eleven from LAPD custody and booked
them into DEA evidence until they could be transported to the
DEA Southwest laboratory on today's date for further laboratory
analysis.

## V.  CONCLUSION

12.   For all the reasons described above, there is probable cause to believe that MARSHA GAY REYNOLDS violated Title 21, United States Code, Section 841(a)(1) (Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Cocaine).

_____
/s/

Trayvon Barnes
Special Agent - FBI

Subscribed and sworn to before me
This 23rd day of March, 2016

JACQUELINE CHOOLJIAN
_____
United States Magistrate Judge

9

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

### INITIAL APPEARANCE CALENDAR

1) Magistrate Case Number: **16 M 0284**

2) Defendant's Name: Reynolds       Marsha       Gay
   (Last)          (First)        (M.I.)

3) Age:_____

4) Title:_____        Section(s):_____

5) Citizen of:_____   Needs:_____ Interpreter

6) Arrest Warrant Issued:_____   Date and time of arrest:_____

(Items 1-6 to be completed by AUSA/Arresting Officer)

7) Removal Proceeding: ✓ Yes ___No  Other District: Central Dist. of CA

8) Name of Interpreter used today:_____  Language:_____

9) Arraignment on complaint held: ✓ Yes ___No   Date/Time: 3/24 16

10) Detention Hearing Held: ✓ Bail set at: $500,000  ROR Entered:___ POD Entered:____

11) Temporary Order of Detention Entered:___  Bail Hearing set for: 3/25/16 2PM

12) (a) Preliminary Hearing set for:_____; or waived:_____

    (b) Removal Hearing set for:_____; or waived:_____

    (c) Status Conference set for:_____

13) ASSISTANT U.S. ATTORNEY  Alicia Washington

14) DEFENSE COUNSEL'S NAME:  Alexandra David
    Address:_____
    Bar Code:_____  CJA:_____  FDNY: ✓  RET: ✓
    Telephone Number:(___)_____

15) LOG #: ( 2:42 - 2:50 )  MAG. JUDGE: Viktor Pohorelsky
    ✓ 2nd call (3:22 - 3:32)

16) ✓ Defendant was advised of bond conditions by the Court and signed the bond.
    4 Surety (ies) were sworn and advised of bond obligations by the Court and signed the bond.
    ___ Additional surety (ies) to co-sign bond by _____

Other Comments/Rulings: Gov't opposed bail. Defense counsel presented a bail package. Court set bond in the amount of $500,000. Gov't request bond stayed pending appeal in CA.

17) Complaint/Affidavit/Indictment unsealed: ___Yes ___No

SO ORDERED ON THIS _____ DAY OF _____, 20__

_____
UNITED STATES MAGISTRATE JUDGE

AO 466A (Rev. 12/09)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
### for the
### EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.  16 - 284 M |
| Marsha Gay-Reynolds | ) | |
| _____ | ) | Charging District's Case No. |
| Defendant | ) | |

### WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* _____

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise —
         unless I am indicted — to determine whether there is probable cause to believe that an offense has
         been committed;

(5)     a hearing on any motion by the government for detention;

(6)     request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑     an identity hearing and production of the warrant.

☐     a preliminary hearing.

☐     a detention hearing.

☑     an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may
        be entitled in this district.  I request that those hearings be held in the prosecuting district, at a time set
        by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are
pending against me.

Date:  3/24/16

_____
*M. Reynolds*
Defendant's signature

_____
*Dennis*
Signature of defendant's attorney

_____
*Dennis Ring*
Printed name of defendant's attorney

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

United States of America

**NOTICE OF APPEARANCE**

-v-

Docket Number : 16-284M

*Marsha Gay Reynolds*
**Defendant.**

Judge :

Date : 3/24/16

PLEASE NOTICE, that I have been RETAINED by *Marsha Gay Reynolds*

the above named defendant.   I was admitted to practice in this district on _____:

Signature : *Dennis O Ring*

Print Name : *Dennis O Ring*   Dennis J. Ring

Bar Code : 

Office Address : *148-29 Cross Island Pkwy*
*Whitestone, NY 11357*

Telephone # : *718 357-1040*

**\*\*\* NOTICE TO ATTORNEY\*\*\***

        **\*\*Bar Code** - The attorney's initials and last four digits of the social security
number must appear on all pleading.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

United States of America

**NOTICE OF APPEARANCE**

-v-

Docket Number :

Marsha Gay Reynolds
**Defendant.**

Judge :

Date :

PLEASE NOTICE, that I have been RETAINED by Marsha Gay Reynolds

the above named defendant.   I was admitted to practice in this district on _____ .

Signature : _____

Print Name : Brad E. Mazarin

Bar Code : NY ~~9190~~

Office Address : 277 Broadway, Ste. 70b

N.Y., NY 10007

Telephone # : 917-450-7078

*** NOTICE TO ATTORNEY***

**Bar Code - The attorney's initials and last four digits of the social security number must appear on all pleading.**

AO 470 (8/85) Order of Temporary Detention

# United States District Court

EASTERN ————————— DISTRICT OF ————————— NEW YORK

UNITED STATES OF AMERICA

V.

Marsha Gay Reynolds
_Defendant_

## ORDER OF TEMPORARY DETENTION
## PENDING HEARING PURSUANT TO
## BAIL REFORM ACT

Case Number: 16 M 284

Upon motion of the _____ defendant _____ , it is ORDERED that a

detention hearing is set for ___ 3/25/16 * at ___ 2 PM ___
                                _Date_                    _Time_

before _____ Judge Pohorelsky _____
        _Name of Judicial Officer_

BROOKLYN, NEW YORK
_Location of Judicial Officer_

Pending this hearing, the defendant shall be held in custody by (the United States marshal) ( _____

_____ ) and produced for the hearing.
        _Other Custodial Official_

3/24/16
_Date_

S/Pohorelsky    jy
_J_

---

*If not held immediately upon defendant's first appearance, the hearing may be continued for up to three days upon motion of the Government, or up to five days upon motion of the defendant. 18 U.S.C. §3142(f)(2).

    A hearing is required whenever the conditions set forth in 18 U.S.C. §3142(f) are present. Subsection (1) sets forth the grounds that may be asserted only by the attorney for the Government; subsection (2) states that a hearing is mandated upon the motion of the attorney for the Government or upon the judicial officer's own motion if there is a serious risk that the defendant (a) will flee or (b) will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror.

☆ US GPO: 2001-610-716/50044

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | 2:16-mj-00607-DUTY-1 | Date    March 24, 2016 |

Present: The Honorable   **ANDRÉ BIROTTE JR., UNITED STATES DISTRICT JUDGE**

Interpreter   N/A

| Carla Badirian | n/a | n/a |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Marsha Gay Reynolds | | X | | | | | |

**Proceedings:**     **[In Chambers] Order Granting Government's Application For Review of Bail Order**

        The Government has requested review of the bail order issued on March 24, 2016 by the Honorable Viktor V. Pohorelsky, United States Magistrate Judge for the Eastern District of New York.  Having reviewed the Government's Application, the Court **GRANTS** review of the bail order.  The Court sets a hearing on this matter for **April 7, 2016, at 1:30 p.m.** before the Honorable André Birotte Jr., United States District Judge for the Central District of California.

        Accordingly, the Court hereby **EXTENDS** the stay set by Judge Pohorelsky to the date of the hearing. The Defendant is **ORDERED** to remain in custody and await transport by the United States Marshal to the Central District of California.   The Court **ORDERS** the United States Marshal to commence transport proceedings forthwith.  The United States Marshal and/or counsel for the Government shall timely notify Judge Birotte's courtroom deputy clerk upon the Defendant's arrival to the Central District of California.

        **IT IS SO ORDERED.**

# UNITED STATES DISTRICT COURT

**EASTERN**          District of          **NEW YORK**

UNITED STATES OF AMERICA
                    **v.**

Marsha Gay Reynolds

**COMMITMENT TO ANOTHER DISTRICT**

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
|---|---|---|---|
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| | | 16-284 M | |

## CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN

☐ Indictment  ☐ Information  ☒ Complaint  ☐ Other (specify)  Violation of Conditions of release

charging a violation of          U.S.C. §

## DISTRICT OF OFFENSE

Central Dist. of California

## DESCRIPTION OF CHARGES:

Distribution of narcotics

## CURRENT BOND STATUS:

☐ Bail fixed at          and conditions were not met
☐ Government moved for detention and defendant detained after hearing in District of Arrest
☐ Government moved for detention and defendant detained pending detention hearing in District of Offense
☒ Other (specify) Bail Set; Release stayed pending review in District of Offense

**Representation:**  ☒ Retained Own Counsel  ☐ Federal Defender Organization  ☐ CJA Attorney  ☐ None

**Interpreter Required?**  ☒ No  ☐ Yes  Language:

## DISTRICT OF NEW YORK

**TO: THE UNITED STATES MARSHAL**

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant. Transport to be completed by April 7, 2016, the date set for a hearing before Judge Andre Birotte.

3/25/16
Date          X          United States Judge or Magistrate Judge

## RETURN

This commitment was received and executed as follows:

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|---|
| | | |